*Thompson, J.
delivered theopinion of the court. The plaintiff deduced a title to a certain piece or tract of land, lying in Schuyler’s patent, and which was known and distinguished by lot No. 156, and bounded as follows: “ All the one full and equal seventh part *225 of all the undivided lands between Scoharie river and the hills, fiwn Fox's creek to aplace where two rivulets or runs of water conx in one, and fall or run in Scoharie river, by north of Gfarlickl Town'' The only inquiry on the trial was, whether the prenii.es in question were comprised within the boundaries above mentioned.
The jury found a verdict for the plaintiff, and application is now made for a new trial.
The description of the premises to which the plaintiff deduced a title, is vague and uncertain; they are described as lying beiwec.¡,' Scoharie river and the hills, from Fox's creek to aplace whera ¡wo rivulets or runs of water comem one, and fall or run in Scoharie river, by north of Qarlickt Toiun." This uncertainty may account, in some measure, for the different results in theyvrveys made by the opposite parties, and for the contradiction which appears in the testimony. The plaintiff’s eastern boundary appears to be the hills; and the inquiry was, where is the dividing line between the flats and the hills ? TK> testimony on the part of the plaintiff, except that of Adam B. Yroman, is principally as to general reputation, that this was called Le Boy’s lot. Mr, Yroman, however, swears, vlrnt the defendant showed him the corners of lot 156, and the boundaries, and he, the witness, said, they included the premises in question. On the part of the defendant, Nicholas Sternbergh swore, that the plaintiffs’ ancestor, under whom they' claimed as much as forty or fifty years since, ^pointed out to [*167] him his boundaries, and that they did not include the premises; that he was born and brought up in that neighborhood, and had always been well acquainted with the premises; that Jonas Leroy, the ancestor of the plaintiff, expressly declared to him, when he was pointing out his boundaries, that his deed did not cover that' land, which is now in dispute. It appeared also from the testimony of two other witnesses that the lands in dispute lay on what always has been called the hills, and that the defendant has occasionally cut timber on the premises, for forty or *226 fifty years past. The testimony is certainly very contradictory, but none of the witnesses appear to have been impeached. Their testimony, however, may make a very different impression when put on paper, from what it would to hear them examined. Judging only from the case, the weight of evidence is with the defendant. And although this of itself is not a sufficient ground for granting a new trial in all cases, yet from the whole that appears, there is well founded reason to believe justice has not been done; and that another examination of the cause ought to be made before the possession is changed; we are therefore, of opinion, that a new trial ought to be granted on payment of costs.
New trial granted.(a)

 See ante, p. 25, n. (a).